UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ZWICK PARTNERS, LP and APARNA RAO, Individually and On Behalf of All Others Similarly Situated, | No. 3:16-cv-02475 |
| Plaintiff, | Class Action |
| v. | |
| QUORUM HEALTH CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, W. LARRY CASH, THOMAS D. MILLER, and MICHAEL J. CULOTTA, | Judge Waverly D. Crenshaw Jr. Magistrate Judge Joe B. Brown |
| Defendants. | |

## AGREED DOCUMENT DISCOVERY PROTOCOL

The Parties agree to the following Protocol for the production of discoverable documents originating from hard copy sources and as electronically stored information ("ESI") pursuant to the Federal Rules of Civil Procedure and subject to the Parties' Stipulated Protective Order.

Nothing in this Protocol affects the Parties' discovery obligations under the Federal Rules of Civil Procedure or Local Rules except as stated herein. The obligations herein are not intended to abrogate or diminish any discovery obligations governed by any other order or rule.

**I. General Provisions**

1. The Parties understand that this Protocol contemplates rolling productions of documents, and they acknowledge that nothing in this Protocol waives, restricts, or eliminates the Parties' respective rolling production obligations, the Parties' respective supplementation

{00285457;2}

1

obligations prescribed in the Federal Rules of Civil Procedure, or the Parties' "claw-back" rights and obligations pursuant to the Stipulated Protective Order in this case.

2. If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the Parties shall meet and confer to try to agree on a reasonable, alternative form of production. Nothing in this protocol prohibits a party from seeking relief from this protocol pursuant to the applicable Federal Rules of Civil Procedure.

3. When documents produced in accordance with this protocol are used in any proceeding herein, including depositions, hearings, or trial, the image copy of documents as described in Paragraph 9 shall be the copy used. Extracted text files shall not be used in any proceeding as a substitute for the image of any document. This paragraph does not apply to any Rule 1006 summary exhibits or demonstratives, or to any document produced only in native format. If documents produced in native format are used in any proceeding, the party using the document shall indicate on the document the Bates number of the slipsheet, followed by a .1, .2, .3 and so on for each page of the printed native version.

4. Unless otherwise agreed or ordered by the Court, each Party will bear the costs to process and review its own documents according to this Protocol.

5. Nothing in this Protocol shall be construed to affect, modify, or amend the Parties' Stipulated Protective Order filed with the Court.

6. Nothing in this Protocol shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time in accordance with the applicable Federal Rules of Civil Procedure.

7.  The Parties shall make reasonable attempts to meet and confer to resolve any discovery dispute before filing a motion to compel with the Court.

## II. Documents From Hard Copy Sources

8.  The Parties will produce documents originating from hard copy sources ("Hard Copy Documents") in Group IV single-page TIFF format (black and white, 300 dpi) with corresponding searchable OCR text, along with the below-listed metadata fields when available. The Parties will provide a standardized load file compatible with Concordance and with a Bates number field included in the load file to match text and metadata with TIFF images. With respect to Hard Copy Documents, data on the load file will include:

    a.  Beginning Document Bates Number
    b.  Ending Document Bates Number
    c.  Beginning Family Bates Number (begins with 1st page of parent)
    d.  Ending Family Bates Number
    e.  Custodian or Source
    f.  Confidentiality Designation
    g.  Page Count
    h.  Redaction (Y/N)
    i.  Text File Name with extension
    j.  Text File Path, including filename and extension (must be a separate field from item i)

## III. Electronically Stored Information

9.  Except for those documents noted in Paragraphs 10 and 11, the Parties will produce documents originating as ESI in TIFF format with extracted text, along with the below-listed metadata fields when available. The Parties will provide a standardized load file compatible with Concordance and with a Bates number field included on the load file to match text and metadata with TIFF images. With respect to ESI, data on the load file will include:

    a.  Beginning Document Bates Number
    b.  Ending Document Bates Number
    c.  Beginning Family Bates Number (begins with 1st page of parent)

d. Ending Family Bates Number
e. Custodian or Source
f. Duplicate Custodians
g. Confidentiality Designation
h. Page Count
i. Redaction (Y/N)
j. Document Date if available from Document metadata; if not available, the date of another family member (e.g., parent email) may be provided
k. File Name (including extension)
l. File Extension
m. Document Type
n From
o. To
p. CC
q. BCC
r. Subject
s. Email Date Received
t. Email Time Received
u. Email Date Sent
v. Email Time Sent
w. MD5 Hash Values (or alternatively agreed upon Hash Standard)
x. Text File Name with extension
y. Text File Path, including filename and extension (must be a separate field from item w.)

10. The Parties may redact information that is privileged or protected from discovery as work product or by reason of any other applicable privilege. Redactions will be described in detail in the privilege logs, including the basis for each redaction, specific Bates number of page(s) on which each redaction appears, and otherwise providing the information required by the privilege log, below. The Parties will produce redacted documents in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure. Excel Spreadsheets will be produced in native format.

11. The Parties will also produce in native format those documents and ESI that do not convert well to TIFF images (*e.g.*, oversized drawings, picture files, audio and video files), or will ask the Receiving Party to meet and confer regarding a reasonable alternative form of

production. The file name for the documents produced in native format will consist of a Bates number. The Parties will provide a corresponding placeholder TIFF image (*i.e.*, "slipsheet") for native files included in a production. Each placeholder will bear the same Bates number used in the file name of the produced native document.

12. The Parties will perform de-duplication of ESI within and across custodians according to MD5 or SHA-1 hash values, and will produce only a single copy of identical ESI, except where de-duplication would break up document families. Entire document families may constitute duplicate ESI. De-duplication shall not break up document families. All custodians of a de-duplicated document must be identified in the "Duplicate Custodians" metadata field specified in Paragraph 9. If the Parties de-duplicate ESI, they shall provide custodian associations in a semi-colon delimited field that includes duplicate custodian name information for the duplicate custodians. The Parties are permitted to use inclusive-only productions (*e.g.*, for a particular email chain, the Producing Party has the option of producing solely the most inclusive version of the chain, along with any unique strands of the chain, as long as the full substance of the email exchange is produced).

13. Parties shall preserve parent-child relationships (the association between an attachment and its parent document). The Parties will provide a Beginning Family Bates Number and Ending Family Bates Number for each produced attachment in the data load file. If any member of a document "family" (e.g., an email attachment) is withheld as privileged, then the Producing Party shall produce a one-page slipsheet TIFF image stating "Document Withheld," and bearing a unique BATES number that is immediately after the BATES numbers assigned to the other members of the family.

14. The parties shall assign a Bates number to individual pages of TIFF documents and a Bates number to each document produced in native format. Bates numbers shall be unique across the entire document production and sequential within a given document. All volumes of production shall be identified by the same Bates prefix and a 3-digit numerical sequence. The Parties will use the following Bates numbering conventions:

Plaintiff: ZWICK####

QHC Defendants: QHC####

CHSI Defendants: CHS-ZWICK####

**Privilege Logs**

15. The Parties may withhold documents from production by designating the documents privileged pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity in accordance with the Federal Rules of Civil Procedure and the Parties' Stipulated Protective Order. On the date set out in the Case Management Plan, the Producing Party will produce a privilege log in a Microsoft Excel file listing each document withheld from production and the basis for the claim of privilege, and each document redacted and the basis for the redaction. The log of withheld and redacted documents will contain, as applicable:

1. The beginning and ending BATES number associated with each document;
2. The date of the document;
3. The identity of the author of the document;

4. The identity of the addressees or recipients, copyees, or blind copyees of the document;

5. A description of the contents of the document or redaction, sufficient to understand the subject matter of the document or redaction and to convey the basis of the claim of privilege;

6. If there is no attorney listed as the author, recipient, or copyee of a document on the privilege log, the name of the lawyer(s) or privilege actor whose advice is being sought or provided, or whose work product is included, in the information that is withheld or redacted; and

7. The nature of and basis for any claim of privilege over the document or redaction.

Each Party reserves the right to request a more detailed privilege log in the event that the Party believes the log of withheld and redacted documents contains insufficient information. Inadvertent failure to log privileged documents will not result in the waiver of privilege, provided that upon discovering the inadvertent omission, the Producing Party provides notice to the Requesting Party of the inadvertent failure to log within seven (7) days of discovering the inadvertent omission, and within a reasonable time thereafter sends the Requesting Party an addendum to the appropriate privilege log providing the required privilege log entries for the document(s).

16. If the volume of the privileged documents to be identified on the log is overly burdensome, each Party reserves the right to propose a categorical privilege log in place of the item-by-item log described above. Once the volume of privileged documents is known, the

Parties shall meet and confer regarding the potential use of a categorical privilege log and, if the Parties are unable to agree, the issue shall be submitted to the Court for decision.

Prior to presenting any dispute over the assertion of privilege to the Court, a Party seeking to challenge a claim of privilege must first provide notice of such challenge to the Party asserting the privilege and allow seven (7) days for that Party to respond to the notice of challenge. The Parties must then meet and confer in good faith in an effort to resolve the dispute prior to filing any motion or notice with the Court.

s/*Paul Kent Bramlett*
Paul Kent Bramlett (BPR #7387)
Robert P. Bramlett (BPR #25895)
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215
Telephone: 615.248.2828
Facsimile: 866.816.4116
pknashlaw@aol.com
Robert@BramlettLawOffices.com

*Plaintiffs' Liaison Counsel*

and

Jeremy A. Lieberman (admitted *Pro Hac Vice*)
Michael J. Wernke (admitted *Pro Hac Vice*)
J. Alexander Hood II (admitted *Pro Hac Vice*)
Marc C. Gorrie (admitted *Pro Hac Vice*)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212.661.1100
Facsimile: 212.661.8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

and

s/*Lisa R. Bugni*
Jessica P. Corley (GA #572733)
Lisa R. Bugni (GA # 143077)
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4717
jpcorley@kslaw.com
lbugni@kslaw.com

and

James A. Haltom (BPR # 28495)
John T. Baxter (BPR # 35405)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
150 Fourth Avenue, N, Suite 1100
Nashville, TN 37219
Telephone: (615) 664-5323
Facsimile: (615) 664-5399
James.haltom@nelsonmullins.com
John.baxter@nelsonmullins.com

*Attorneys for Defendants Quorum Health Corporation, Thomas D. Miller and Michael J. Culotta*

Patrick V. Dahlstrom (admitted *Pro Hac Vice*)
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184
pdahlstrom@pomlaw.com

*Lead Counsel and Attorneys for Plaintiffs*

and

Corey D. Holzer (admitted *Pro Hac Vice*)
Marshall P. Dees (admitted *Pro Hac Vice*)
HOLZER & HOLZER, LLC
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
Telephone: 770.392.0090
Facsimile: 770.392.0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Attorneys for Plaintiff Aparna Rao*

s/*Jack A. Herman*
Jack A. Herman
Gary A. Orseck
William J. Trunk
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
gorseck@robbinsrussell.com
wtrunk@robbinsrussell.com
jherman@robbinsrussell.com

and

Robert J. Walker (BPR No. 2498)
Jason W. Callen (BPR No. 26225)
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Bob.walker@butlersnow.com
Jason.Callen@butlersnow.com

*Attorneys for Defendants Community Health Systems, Inc., Wayne T. Smith and W. Larry Cash*

## CERTIFICATE OF SERVICE

I certify that on July 3, 2018, a true and correct copy of the foregoing ***Document Protocol*** has been served upon the following Filing Users through the Court's Electronic Filing System:

Paul K. Bramlett
Robert P. Bramlett
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215
(615) 248-2828
pknashlaw@aol.com
robert@bramlettlawoffices.com

Wade B. Cowan
Davies, Humphreys, Horton & Reese, PLC
85 White Bridge Road, Suite 300
Nashville, TN 37205
(615) 256-8125
wcowan@dhhrplc.com

Corey D. Holzer
Marshall Dees
Holzer & Holzer, LLC
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
(770) 392-0090
mdees@holzerlaw.com
cholzer@holzerlaw.com

Jeremy A. Lieberman
Michael J. Wernke
Marc C. Gorrie
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
mjwernke@pomlaw.com
mgorrie@pomlaw.com

Jessica Perry Corley
Lisa R. Bugni
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4717
jpcorley@kslaw.com
lbugni@kslaw.com

Patrick V. Dahlstrom
Pomerantz LLP
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
(312) 377-1181
pdahlstrom@pomlaw.com

James A. Holifield, Jr.
Holifield Janich Rachal & Associates, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
(865) 566-0115
aholifield@holifieldlaw.com

John T. Baxter
James A. Haltom
Nelson Mullins Reley & Scarborough LLP
150 Fourth Avenue, N, Suite 1100
Nashville, TN 37219
(615) 664-5323
(615) 664-5399
John.baxter@nelsonmullins.com
James.haltom@nelsonmullins.com

s/***Paul Kent Bramlett***
PAUL KENT BRAMLETT

{00285457;2 }                    10

Case 3:16-cv-02475   Document 159-1   Filed 07/03/18   Page 10 of 10 PageID #: 5524