**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| ZWICK PARTNERS, LP and APARNA RAO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUORUM HEALTH CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, W. LARRY CASH, THOMAS D. MILLER, and MICHAEL J. CULOTTA,<br><br>Defendants. | No. 3:16-cv-02475<br><br>Class Action<br><br>Honorable Waverly D. Crenshaw Jr.<br>Magistrate Judge Alistair E. Newbern |

## **STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement dated July 16, 2020 ("Stipulation"), is entered into by and among (i) Court-appointed Class Representative Zwick Partners, LP ("Plaintiff"), on behalf of itself and the Class, and (ii) Community Health Systems, Inc. ("CHSI"), Wayne T. Smith ("Smith"), W. Larry Cash ("Cash"), Michael J. Culotta ("Culotta"), and Thomas D. Miller ("Miller") (collectively, the "Defendants"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-

captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, remise, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims against the Defendants' Releasees.

## OVERVIEW OF THE ACTION

### A. Commencement of the Action

This Action is pending in the United States District Court for the Middle District of Tennessee before the Honorable Waverly D. Crenshaw, Jr. (the "Court"). On September 9, 2016, Aparna Rao filed a purported class-action complaint styled as *Rao v. Quorum Health Corporation, et al.*, No. 3:16-cv-02475. Following publication of notice pursuant to the Private Securities Law Reform Act ("PSLRA"), several investors moved for appointment as the lead plaintiff. All but three investors withdrew their motions: Plaintiff, Manzoor Benival, and IBEW 673 Pension Plan (the "Pension Plan"). On December 13, 2016, the Court granted the Pension Plan's request for limited discovery into whether Plaintiff would adequately represent the class and whether it is subject to any unique defenses. ECF No. 67. On January 18, 2017, counsel for the Pension Plan and counsel for

[1] All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

Benival took the deposition of Johannes Zwick, managing partner of Plaintiff. On February 14, 2017, following additional briefing on the competing motions to be appointed lead plaintiff, the Court appointed Plaintiff as lead plaintiff and approved Pomerantz LLP ("Pomerantz") as lead counsel. ECF No. 84.

On April 17, 2017, Plaintiff filed the Second Amended Class Action Complaint ("SAC"), adding CHSI, Smith and Cash as defendants. ECF No. 92. The SAC alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), on behalf of a class of investors who purchased or otherwise acquired Quorum Health Corporation ("Quorum") common stock from May 2, 2016 through August 10, 2016. The SAC alleged that, during the Class Period, Defendants made misleading statements about Quorum's goodwill and long-lived assets. The SAC alleged that on August 10, 2016, after the market closed, Quorum announced its financial results for the second quarter of 2016, reporting a substantial net loss and an operating loss for the quarter and approximately $250 million in impairment charges to Quorum's goodwill and long-lived assets. The SAC alleged that as a result of this news, Quorum's stock price declined approximately $4.99, or 49.8%, from $10.02 to $5.03.

**B. Defendants' Motions to Dismiss**

Defendants moved to dismiss the SAC on June 23, 2017. ECF Nos. 113 and 116. Plaintiff filed its opposition on August 22, 2017 (ECF No. 122) and

Defendants filed their replies on October 6, 2017. ECF Nos. 127 and 129. On April 19, 2018, the Court denied Defendants' motions to dismiss. ECF Nos. 144 and 145.

### C. The Third Amended Complaint and Defendants' Partial Motions to Dismiss

On September 14, 2018, Plaintiff filed the Third Amended Complaint ("TAC"), adding claims relating to earnings guidance issued by Quorum. ECF No. 169. On October 12, 2018, Defendants filed partial motions to dismiss the TAC, arguing, *inter alia*, that such claims were prohibited by the PSLRA's Safe Harbor for forward-looking statements. ECF Nos. 175 & 177. The Court granted those partial motions to dismiss on March 29, 2019. ECF Nos. 209 & 210.[2]

### D. Fact and Expert Discovery

The Parties engaged in extensive fact and class-related discovery, including 26 fact depositions (several of which spanned two days) and document collection and review. In sum, throughout the course of the Action, approximately 550,000 pages of documents were produced.

The Parties also engaged in expert discovery. On September 13, 2019, Plaintiff served on Defendants three expert reports. On October 18, 2019,

[2] Plaintiff subsequently filed a motion for leave to amend. ECF No. 217. On August 2, 2019, the Court denied that motion. ECF No. 246.

Defendants served on Plaintiff four expert reports. On December 11, 2019, Plaintiff served its three reply expert reports. The parties took depositions of each of the seven experts.

**E. Class Certification and Defendants' Rule 23(f) Petition**

On July 13, 2018, Plaintiff moved for class certification on behalf of all persons and entities that purchased or otherwise acquired Quorum common stock from May 2, 2016 through August 10, 2016. ECF No. 161. Following depositions of the two managing partners of Plaintiff and a deposition of Plaintiff's market efficiency expert, on August 31, 2018, Defendants filed their opposition. ECF No. 167. Defendants challenged the availability of the fraud-on-the-market presumption of reliance and also asserted that the class definition should be modified to exclude investors who did not purchase Quorum stock at a market price (including investors that acquired Quorum stock in the spinoff from CHSI). Plaintiff filed its reply on November 9, 2018. On February 1, 2019, Defendants filed a notice of supplemental authority. ECF No. 204. Plaintiff filed a response on February 7, 2019. ECF No. 205. Plaintiff filed a notice of supplemental authority on March 29, 2019.

On March 29, 2019, the Court issued a memorandum opinion (ECF No. 209) and Order (ECF No. 210) granting Plaintiff's motion for class certification

and appointing Plaintiff as class representative and Pomerantz as class counsel.

On April 15, 2019, Defendants filed a Rule 23(f) petition for leave to appeal the class certification order to the Sixth Circuit. On April 23, 2019, Plaintiff opposed the petition.

On July 31, 2019, the Sixth Circuit denied Defendants' Rule 23(f) petition.

**F. Defendants' Motion for Summary Judgment**

On January 31, 2020, Defendants filed their motion for summary judgment. ECF No. 281. On March 13, 2020, Plaintiff filed its opposition. ECF No. 286. Defendants filed their reply on April 3, 2020. ECF No. 295.

On May 29, 2020, the Court held a status conference. During that conference, the Court stated that it anticipated denying Defendants' motion for summary judgment and that the case would proceed to trial on July 10, 2020.

**G. Quorum's Bankruptcy**

On April 10, 2020, Quorum filed a Suggestion of Bankruptcy (ECF No. 303), informing the Court that on April 7, 2020, Quorum had filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, and, pursuant to Section 362 of the Code, this Action was automatically stayed as to Quorum. The bankruptcy action is styled *In re Quorum Health Corporation*, Case No. 20-10766-KBO (D. Del.) (the "Bankruptcy"). On July 7, 2020, Quorum emerged from the Bankrutpcy.

### H. Settlement Negotiations

During a status conference on April 1, 2020, the Court ordered the parties to engage a mediator and mediate by April 30, 2020.

On April 30, 2020, the parties participated in a full-day mediation via video conferencing. The mediation was facilitated by Hon. Gary Feess (ret.) of Phillips ADR, who continued to engage in discussions with the Parties following the mediation. The mediation was unsuccessful.

During a status conference on May 29, 2020, the Court ordered the Parties to engage in another mediation session with Judge Fees on or before June 15, 2020.

On June 9, 2020, the Parties participated in a second full-day mediation via video conferencing with Judge Feess. Following Judge Feess' final recommendation, the Parties reached an agreement in principle to settle the Action for $18,000,000.00 for the benefit of the Class, subject to approval by the Court. The Settlement is set forth in a Memorandum of Understanding dated June 12, 2020.

* * * * *

In recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties to this Stipulation desire to settle and resolve any and all actual or potential Released Claims by or between the Releasees.

This Stipulation (together with the exhibits hereto and the Supplemental Agreement) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution, and mediation of the case, Plaintiff and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and the Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of Class Counsel, Plaintiff has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the financial benefit that members of the Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. The Parties are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. All of the Defendants deny, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder. Specifically, Defendants expressly have denied, and continue to deny, that Plaintiff has asserted any valid claims against them, including, without limitation, any liability arising

out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiff or the Class have suffered any damages, or that Plaintiff or the Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or an admission, concession, or finding on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. The Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiff in good faith and defended by Defendants in good

faith, and that the Action is being voluntarily settled with the advice of counsel.

**NOW THEREFORE, it is hereby STIPULATED AND AGREED**, by and among Plaintiff (individually and on behalf of all members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Authorized Claimant(s)" means a Class Member who or which submits to the Claims Administrator a Claim Form that is approved by the Court for payment from the Net Settlement Fund.

(b) "Claim," "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A or in electronic format, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(c) "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(d) "Claims Administrator" means Epiq Class Action & Mass Tort Solutions Inc., the firm retained by Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(e) "Class" means all persons and entities who purchased or otherwise acquired Quorum Health Corporation common stock between May 2, 2016 and August 10, 2016, both dates inclusive. Excluded from the Class are Defendants, current and former officers and directors of Quorum Health Corporation and Community Health Systems, Inc., members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

(f) "Class Counsel" means the law firm Pomerantz.

(g) "Class Member(s)" means each person and entity who or which is a member of the Class.

(h) "Class Period" means the period between May 2, 2016 and

August 10, 2016, both dates inclusive.

(i) "Defendants' Counsel" means, collectively, the law firms of Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP and King & Spalding LLP.

(j) "Defendants' Releasees" means Defendants and Quorum, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant or Quorum has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, general partners, limited partners, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, predecessors, successors in interest, or assigns of any of the foregoing.

(k) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 30 of this Stipulation have been met and have occurred, or have been waived.

(l) "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and

held in escrow under the control of the Escrow Agent, acting as agents for the Class Representatives and the Class, subject to the terms of this Stipulation.

(m) "Escrow Agent" means The Huntington National Bank, which has been selected by Class Counsel to be responsible for overseeing, safeguarding, and distributing the Escrow Account, acting as agents for the Class, in accordance with the terms of the Escrow Agreement and this Stipulation.

(n) "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(o) "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or rehearing or petition for a writ of certiorari or other writ that

may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses or awards to Plaintiff, Class Counsel, or other class representatives, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(p) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(q) "Judgment" means the document, substantially in the form attached hereto as Exhibit B, entered by the Court approving the Settlement.

(r) "Litigation Expenses" means the reasonable costs and expenses incurred by Class Counsel in connection with commencing, prosecuting and settling the Action (which may include the reasonable costs and expenses of Plaintiff directly related to their representation of the Class), for which Class

Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(s) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any fees, expenses, or costs awarded by the Court to Plaintiff; and (vi) any other costs or fees approved by the Court.

(t) "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to potential Class Members.

(u) "Notice and Administration Costs" means the costs, fees, and expenses that are reasonably and actually incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notice to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees, and expenses incurred in connection with the Escrow Account.

(v) "Parties" means Defendants and Plaintiff, on behalf of itself and the Class.

(w) "Plaintiff's Releasees" means (i) Plaintiff, its attorneys, and all

other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, predecessors, successors, and assigns of each of the persons or entities listed in (i) and (ii), in their capacities as such.

(x) "Plan of Allocation" means Plaintiff's proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified.

(y) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(z) "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(aa) "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state,

local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

(bb) "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether pleaded or unpleaded, whether suspected

or unsuspected, that Plaintiff or any other Class Member (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action and/or that relate to the purchase, acquisition, or ownership of shares of Quorum common stock during the Class Period. "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

(cc) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(dd) "Releases" means the releases set forth in ¶¶ 4-6 of this Stipulation.

(ee) "Settlement" means the settlement on the terms and conditions set forth in this Stipulation.

(ff) "Settlement Amount" means eighteen million United States dollars (US $18,000,000.00) to be paid by check(s) or wire transfer(s) to the Escrow Agent pursuant to ¶ 8 of this Stipulation. Neither Defendants nor Defendants' Releasees shall have any obligation whatsoever to pay any amount over and above the Settlement Amount. Such amount is paid as consideration for full and complete

settlement of all the Released Plaintiffs' Claims.

(gg) "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(hh) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ii) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(jj) "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(kk) "Tax Expenses" means the expenses and costs incurred by Class Counsel or Escrow Agent in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(ll) "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. This includes any such claims which, if known by such party, might have affected such party's settlement with and release of a released party, or might have affected such party's decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by California Civil Code § 1542, as well as by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or

equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which any Party or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiff and Defendants shall expressly waive, compromise, settle, discharge, extinguish, and release, fully, finally, and forever, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, whether known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

**PRELIMINARY APPROVAL OF SETTLEMENT**

2. Promptly upon execution of this Stipulation, Plaintiff will move for


Case 3:16-cv-02475 Document 342 Filed 07/21/20 Page 21 of 67 PageID #: 19959

preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement and Class Counsel's application for an award of reasonable attorneys' fees and reimbursement of Litigation Expenses. Plaintiff's motion for preliminary approval shall be unopposed by Defendants, and the Settlement Fairness Hearing shall be scheduled for no earlier than 100 days following the execution of this Settlement. Concurrently with the motion for preliminary approval, Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## **RELEASE OF CLAIMS**

3. The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class Member (collectively, the "Releasing Party Plaintiffs"), shall be deemed to have, and by operation of law and of the Judgment shall have, fully,


Case 3:16-cv-02475 Document 342 Filed 07/21/20 Page 22 of 67 PageID #: 19960

finally, and forever compromised, settled, released, resolved, relinquished, remised, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding, whether or not such Releasing Party Plaintiff executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. This Release shall not apply to any Excluded Plaintiffs' Claims.

5. Pursuant to the Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff's Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees, in this Action or in any other proceeding. This Release

shall not apply to any Excluded Defendants' Claims.

6. To the fullest extent permitted by law, and as to be provided in the proposed Judgment, all persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of actions for contribution, indemnity, or otherwise against the Defendants' Releasees seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity as claims, cross-claims, counterclaims, third-party claims or otherwise, in this Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

7. Notwithstanding ¶¶ 4-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8. In consideration of the full settlement of the claims asserted in the Action against Defendants and the Defendants' Releasees and the Releases

specified in ¶¶ 4-6 above, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account by the later of : (i) ten (10) business days after the entry of the Preliminary Approval Order, substantially in the form annexed as Exhibit A; (ii) ten (10) business days after receipt by Defendants of complete payment instructions, including a W-9 form; or (iii) (a) ten (10) business days following a Final order being entered in the Bankruptcy  provided that a Final order in the Bankruptcy is entered no later than thirty (30) calendar days after entry of the Preliminary Approval Order in this Litigation (the "Bankruptcy Order Deadline"); or (b) ten (10) business day following that expiration of the Bankruptcy Order Deadline, if a Final order in the Bankruptcy is not entered within 30 calendar days after entry of the Preliminary Approval Order in this Litigation.

9. Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as detailed in ¶ 38 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount, and Defendants shall not be liable for any other amount or amounts.

10. Other than the obligation to pay or cause to be paid the Settlement Amount into the Escrow Account within the time period set forth in ¶ 8, the

Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

## USE OF SETTLEMENT FUND

11. The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; (e) any fees, expenses, or costs awarded to Plaintiff by the Court; and (f) any other costs or fees approved by the Court. Under no circumstances will Defendants (or any of the other Defendants' Releasees) be required to pay more than the Settlement Amount. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-28 below.

12. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed, or returned, pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. Provided the Escrow Agent invests the Settlement Fund as set forth herein, the Escrow Agent shall have no liability whatsoever with

respect to any investment decision made in connection with Settlement Fund.

13. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Taxes or Tax Expenses owed with respect to the Settlement Fund shall be timely paid by the Escrow Agent out of the Settlement Fund. The Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14. All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendants' Releasees, Plaintiff, and Class Counsel shall have

no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses. Taxes and Tax Expenses shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 13 and 14 of this Stipulation.

15. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, none of the Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16. Class Counsel may approve payment from the Settlement Fund,

without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that Class Counsel may only approve up to $250,000 in Notice and Administration Costs prior to the Settlement Fairness Hearing without further Court approval. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

17. Class Counsel will apply to the Court for an award of reasonable attorneys' fees to be paid from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiff's reasonable costs and expenses

directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund. Class Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiff other than what is set forth in this Stipulation.

18. Class Counsel will be entitled to payment of any and all attorneys' fees and Litigation Expenses that are awarded by the Court, including any interest thereon, immediately upon the award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel, including its partners, and such other counsel for Plaintiff, including any law firms, partners, and/or shareholders who received any portion of fee and expense award, shall make the appropriate refund or repayment in full no later than ten (10) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of

attorneys' fees and/or Litigation Expenses has become Final. The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. The approval of the Settlement, and its becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Counsel, nor any appeals from such awards. Neither Plaintiff nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Action set forth herein.

19. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Settlement Fund. With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 8 above, the Defendants' Releasees shall have no

responsibility for, and no liability whatsoever with respect to, any payment (including taxes) of attorneys' fees and/or Litigation Expenses to Class Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

20. As part of the Preliminary Approval Order, Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiff, any other Class Members or Class Counsel, in connection with the foregoing or any other aspect of the administration, investment, or distribution of the Settlement, Settlement Amount and/or Settlement Fund. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, the Claims Administrator shall mail or email the Notice and Claim Form to those members of the Class as may be identified through reasonable effort. The Claims Administrator shall publish the Summary Notice in accordance with the terms of the Preliminary Approval Order to be entered by the Court. The Claims Administrator shall, among other duties and obligations, receive Proofs of Claim and determine whether they present valid claims in whole or part, work with Class Members as needed to help them supplement or clarify their Proofs of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of allocation as the Court approves)..

22. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiff and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving

this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation. Defendants' Releasees shall not object in any way to Plaintiff's Plan of Allocation or any other plan of allocation in this Action. None of the Defendants' Releasees shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23. Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24. The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Settlement Fund to Authorized Claimants. None of the Defendants' Releasees shall have any responsibility for, interest in, or liability for any decision. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial

justice.

25. For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b) All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any Released Plaintiffs' Claim. A Claim

Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c) Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d) Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days

after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

26. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27. No person or entity shall have any claim against Plaintiff, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiff and Defendants, and their respective counsel, Plaintiff's damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or

distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

28. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

29. If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

30. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order,

substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(d) Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e) the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

31. If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 8 of this Stipulation, then Plaintiff in its sole discretion, and not Defendants, shall have the right to terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of Final Judgment. Notwithstanding the foregoing, Defendants shall have a period of ten (10) business days after Plaintiff provides written notice of their intent to terminate the Settlement and Stipulation in which to cure the alleged non-

compliance with ¶ 8 of this Stipulation. If Defendants cure such alleged non-compliance within that ten (10) business day period, then Plaintiff shall not have the right to terminate the Settlement and Stipulation.

32. Simultaneously herewith, Plaintiff and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at Defendants' sole discretion if Class Members who meet certain criteria exclude themselves from the Class. The Supplemental Agreement shall not be filed with the Court, except that the Supplemental Agreement and/or its contents may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.

33. Upon the occurrence of all of the events referenced in ¶ 30 above, any and all remaining interest or right of any of the Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

34. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement

otherwise fails to occur, then:

(a) the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b) Plaintiff and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of this Stipulation;

(c) the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 16, 18, 36 and 53, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d) Within ten (10) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to Defendants. In the event that the funds received by Class Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants immediately upon their deposit into the Escrow

Account consistent with ¶ 18 above. In addition, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for the refund to the Defendants in the same manner as the Settlement Fund described in this Paragraph. Such payments shall be pursuant to written instructions from Defendants' Counsel.

35. It is further stipulated and agreed that Plaintiff, on the one hand, and Defendants, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court; and in the event of any such termination the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement,

shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

**NO ADMISSION OF WRONGDOING**

36. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Quorum;

(c) shall be offered against Plaintiff or any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiff or any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiff or any of the Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections

from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

37. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38. Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

39. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiff and any Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiff and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiff or defended by Defendants in bad faith or without a reasonable basis. No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. Section 1927, or otherwise make any

accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

40. In all events, Plaintiff and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

41. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiff and Defendants (or their successors-in-interest).

42. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43. Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be

barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

44. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

45. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

47. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the

signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

49. The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal, substantive laws of the State of Tennessee without regard to its choice-of-laws principles, except to the extent that federal law requires that federal law govern.

50. Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

51. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that

they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53. Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54. If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiff or Class Counsel: | Pomerantz, LLP<br>Attn: Michael J. Wernke<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Email: mjwernke@pomlaw.com |
| If to Defendants or Defendants' Counsel: | Robbins Russell Englert Orseck Untereiner & Sauber LLP<br>Attn: Gary Orseck<br>2000 K Street NW, 4th Floor<br>Washington, DC 20006<br>Telephone: (202) 775-4500<br>Email: gorseck@robbinsrussell.com |

and

King & Spalding LLP
Attn: Jessica P. Corley
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: JPCorley@KSLAW.com

55. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

56. Any disputes relating to the finalization of the Settlement documentation or the Settlement itself will be resolved first by Judge Feess by way of telephonic mediation and, if unsuccessful, then by way of final, binding, non-appealable arbitration under a procedure determined by Judge Feess. If for any reason Judge Feess is unavailable or has a conflict, the parties agree to seek expedited resolution of any such issue before Judge Waverly D. Crenshaw Jr., Magistrate Judge Alistair E. Newbern, or such other judge as has been assigned to this Action by the Court.

57. Except as otherwise provided herein, each Party shall bear its own fees and costs.

58. All agreements made and orders entered during the course of this

Action relating to the confidentiality of information shall survive this Settlement.

59. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

60. Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 16, 2020.


**POMERANTZ LLP**

Michael J. Wernke
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email:mjwernke@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Email: pdahlstrom@pomlaw.com

*Class Counsel*

**ROBBINS RUSSELL ENGLERT ORSECK UNTEREINER & SAUBER LLP**

Gary A. Orseck
Gary A. Orseck
William J. Trunk
Jack A. Herman
Wendy Liu
Lauren Cassady
2000 K Street, N.W., 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: gorseck@robbinsrussell.com

*Attorneys for Defendants Community Health Systems, Inc., Wayne T. Smith, and W. Larry Cash*

**KING & SPALDING LLP**

Jessica P. Corley
Lisa R. Bugni
Brandon R. Keel
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com

*Attorneys for Defendants Thomas D.*

***Miller and Michael J. Culotta***

CERTIFICATE OF SERVICE

This is to certify that on the 21st day of July 2020, I served true and correct copies of STIPULATION AND AGREEMENT OF SETTLEMENT, by posting the document electronically to the ECF website of the United States District for the Middle District of Tennessee, for receipt electronically by the parties listed on the Court's Service list, as listed below.

SO CERTIFIED this 21st day of JULY, 2020.

s/***Michael J. Wernke***
**Michael J. Wernke**

| | | |
|---|---|---|
| **John Thompson Baxter**<br>Nelson Mullins Riley & Scarborough LLP<br>(Nashville Office)<br>150 Fourth Avenue, N<br>Suite 1100<br>Nashville, TN 37219<br>(615) 664-5323<br>(615) 664-5399 (fax)<br>john.baxter@nelsonmullins.com<br>*Assigned: 03/22/2018*<br>*ATTORNEY TO BE NOTICED* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |
| | | **Thomas D. Miller**<br>*(Defendant)* |
| **Paul Kent Bramlett**<br>Bramlett Law Offices<br>40 Burton Hills Blvd.<br>Suite 200<br>P O Box 150734<br>Nashville, TN 37215<br>(615) 248-2828<br>(615) 254-4116 (fax)<br>pknashlaw@aol.com | representing | **Zwick Partners LP**<br>*(Plaintiff)* |

*Assigned: 09/09/2016*
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| | | **Aparna Rao**<br>*(Plaintiff)* |
| **Robert P. Bramlett**<br>Bramlett Law Offices<br>40 Burton Hills Blvd.<br>Suite 200<br>P O Box 150734<br>Nashville, TN 37215<br>(615) 248-2828<br>(615) 254-4116 (fax)<br>robert@bramlettlawoffices.com<br>*Assigned: 09/09/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **Lisa R. Bugni**<br>King & Spalding LLP (Atlanta Office)<br>1180 Peachtree Street NE<br>Atlanta, GA 30309-3521<br>(404) 572-4677<br>lbugni@kslaw.com<br>*Assigned: 03/19/2018*<br>*ATTORNEY TO BE NOTICED* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |
| | | **Thomas D. Miller**<br>*(Defendant)* |
| **Jason W. Callen**<br>Butler Snow LLP (Nashville)<br>The Pinnacle at Symphony Place<br>150 Third Avenue South<br>Suite 1600<br>Nashville, TN 37201<br>(615) 651-6700 | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |

(615) 651-6701 (fax)
Jason.Callen@butlersnow.com
*Assigned: 02/16/2018*
*ATTORNEY TO BE NOTICED*

**W. Larry Cash**
*(Defendant)*

**Wayne T. Smith**
*(Defendant)*

| | | |
|---|---|---|
| **Lauren M. Cassady**<br>Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP<br>2000 K Street, NW<br>4th Floor<br>Washington, DC 20006<br>(202) 775-4500<br>lcassady@robbinsrussell.com<br>*Assigned: 12/04/2018*<br>*ATTORNEY TO BE NOTICED* | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |

**W. Larry Cash**
*(Defendant)*

**Wayne T. Smith**
*(Defendant)*

| | | |
|---|---|---|
| **Jessica Perry Corley**<br>King & Spalding LLP (Atlanta Office)<br>1180 Peachtree Street NE<br>Suite 1600<br>Atlanta, GA 30309-3521<br>(404) 572-4717<br>jpcorley@kslaw.com<br>*Assigned: 11/08/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Quorum Health Corporation**<br>*(Defendant)* |

**Michael J. Culotta**
*(Defendant)*

| | | |
|---|---|---|
| | | **Thomas D. Miller**<br>*(Defendant)* |
| **Wade B. Cowan**<br>Davies, Humphreys, Horton & Reese, PLC<br>85 White Bridge Road<br>Suite 300<br>Nashville, TN 37205<br>(615) 256-8125<br>(615) 242-7853 (fax)<br>wcowan@dhhrplc.com<br>*Assigned: 11/08/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Mitch Mongell**<br>*(Movant)* |
| **Patrick V. Dahlstrom**<br>Pomerantz LLP (Chicago Office)<br>10 S LaSalle Street<br>Suite 3505<br>Chicago, IL 60603<br>(312) 377-1181<br>(312) 377-1184 (fax)<br>pdahlstrom@pomlaw.com<br>*Assigned: 09/09/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **Marshall Dees**<br>Holzer & Holzer, LLC<br>1200 Ashwood Parkway<br>Suite 410<br>Atlanta, GA 30338<br>(770) 392-0090<br>(770) 392-0029 (fax)<br>mdees@holzerlaw.com<br>*Assigned: 09/09/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **William W. Drinkwater**<br>Nelson Mullins Riley & Scarborough LLP<br>(Nashville Office)<br>150 Fourth Avenue, N<br>Suite 1100<br>Nashville, TN 37219 | representing | **Quorum Health Corporation**<br>*(Defendant)* |

(615) 664-5307
(615) 664-5399 (fax)
woods.drinkwater@nelsonmullins.com
*Assigned: 08/27/2019*
*ATTORNEY TO BE NOTICED*

**Michael J. Culotta**
*(Defendant)*

**Thomas D. Miller**
*(Defendant)*

| | | |
|---|---|---|
| **Michael I. Fistel, Jr.**<br>Johnson Fistel, LLP (Georgia Office)<br>40 Powder Springs Street<br>Marietta, GA 30064<br>(770) 200-3104<br>(770) 200-3101 (fax)<br>michaelf@johnsonfistel.com<br>*Assigned: 11/21/2016*<br>*TERMINATED: 03/03/2017* | representing | **Manzoor Bevinal**<br>*TERMINATED: 03/06/2017*<br>*(Plaintiff)* |
| **Marc C. Gorrie**<br>mgorrie@pomlaw.com<br>*Assigned: 09/09/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **Melissa Joy Gworek**<br>Alston & Bird LLP (Atlanta Office)<br>One Atlantic Center<br>1201 W Peachtree Street<br>Suite 4900<br>Atlanta, GA 30309-3424<br>(404) 881-4471<br>(404) 881-7777 (fax)<br>Mel.Gworek@alston.com<br>*Assigned: 11/22/2016*<br>*TERMINATED: 03/21/2018* | representing | **Quorum Health Corporation**<br>*(Defendant)* |

**Michael J. Culotta**

*(Defendant)*

**Thomas D. Miller**
*(Defendant)*

| | | |
|---|---|---|
| **James Auman Haltom**<br>Nelson, Mullins, Riley & Scarborough, LLP<br>(Nashville Office)<br>One Nashville Place<br>150 Fourth Avenue, North<br>Suite 1100<br>Nashville, TN 37219<br>(615) 664-5339<br>(615) 664-5399 (fax)<br>James.haltom@tn.gov<br>*Assigned: 03/22/2018*<br>*TERMINATED: 08/28/2019* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Thomas D. Miller**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |
| **John C. Hayworth**<br>Butler Snow LLP (Nashville)<br>The Pinnacle at Symphony Place<br>150 Third Avenue South<br>Suite 1600<br>Nashville, TN 37201<br>(615) 651-6700<br>(615) 651-6701 (fax)<br>John.Hayworth@butlersnow.com<br>*Assigned: 05/05/2017*<br>*TERMINATED: 03/09/2018* | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |
| | | **W. Larry Cash**<br>*(Defendant)* |
| | | **Wayne T. Smith** |

| | | |
|---|---|---|
| | | *(Defendant)* |
| **Jack A. Herman**<br>Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP<br>2000 K Street, NW<br>4th Floor<br>Washington, DC 20006<br>(202) 775-4500<br>(202) 775-4510 (fax)<br>jherman@robbinsrussell.com<br>*Assigned: 05/09/2017*<br>*ATTORNEY TO BE NOTICED* | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |
| | | **W. Larry Cash**<br>*(Defendant)* |
| | | **Wayne T. Smith**<br>*(Defendant)* |
| **Al Holifield**<br>aholifield@hapc-law.com<br>*Assigned: 11/21/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Cornelius Koh Beng Yan**<br>*(Movant)* |
| **James A. Holifield, Jr.**<br>Holifield Janich Rachal & Associates, PLLC<br>11907 Kingston Pike<br>Suite 201<br>Knoxville, TN 37934<br>(865) 566-0115<br>(865) 566-0119 (fax)<br>aholifield@holifieldlaw.com<br>*Assigned: 11/08/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **Corey D. Holzer**<br>Holzer & Holzer, LLC<br>1200 Ashwood Parkway<br>Suite 410 | representing | **Aparna Rao**<br>*(Plaintiff)* |

Atlanta, GA 30338
(770) 392-0090
(770) 392-0029 (fax)
cholzer@holzerlaw.com
*Assigned: 09/09/2016*
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **J. Alexander Hood, II**<br>Pomerantz LLP (NY Office)<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016<br>(212) 661-1100<br>(212) 661-8665 (fax)<br>ahood@pomlaw.com<br>*Assigned: 09/09/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **Susan Elaine Hurd**<br>Susan.Hurd@alston.com<br>*Assigned: 11/08/2016*<br>*TERMINATED: 03/21/2018* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |
| | | **Thomas D. Miller**<br>*(Defendant)* |
| **John R. Jacobson**<br>Riley, Warnock & Jacobson<br>1906 West End Avenue<br>Nashville, TN 37203<br>(615) 320-3700<br>jjacobson@rwjplc.com<br>*Assigned: 10/06/2016*<br>*TERMINATED: 04/02/2018* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |

**Thomas D. Miller**
*(Defendant)*

| | | |
|---|---|---|
| **Frank J. Johnson**<br>Johnson Fistel, LLP (San Diego, CA Office)<br>655 West Broadway<br>Suite 1400<br>San Diego, CA 92101<br>(619) 230-0063<br>(619) 255-1856 (fax)<br>frankj@johnsonfistel.com<br>*Assigned: 11/22/2016*<br>*TERMINATED: 03/03/2017* | representing | **Manzoor Bevinal**<br>*TERMINATED: 03/06/2017*<br>*(Plaintiff)* |
| **Brandon R. Keel**<br>King & Spalding LLP (Atlanta Office)<br>1180 Peachtree Street NE<br>Suite 1600<br>Atlanta, GA 30309-3521<br>(404) 527-2780<br>bkeel@kslaw.com<br>*Assigned: 05/18/2018*<br>*ATTORNEY TO BE NOTICED* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| **Jeremy A. Lieberman**<br>Pomerantz LLP (NY Office)<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016<br>(212) 661-1100<br>(212) 661-8665 (fax)<br>jalieberman@pomlaw.com<br>*Assigned: 09/09/2016*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| **Wendy Liu**<br>Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP<br>2000 K Street, NW<br>4th Floor<br>Washington, DC 20006<br>(202) 775-4500 | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |

(202) 775-4510 (fax)
wliu@robbinsrussell.com
*Assigned: 06/29/2018*
*ATTORNEY TO BE NOTICED*

**W. Larry Cash**
*(Defendant)*

**Wayne T. Smith**
*(Defendant)*

| | | |
|---|---|---|
| **Jerry E. Martin**<br>Barrett Johnston Martin & Garrison, LLC<br>Philips Plaza<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>(615) 244-2202<br>(615) 252-3798 (fax)<br>jmartin@barrettjohnston.com<br>*Assigned: 11/08/2016*<br>*TERMINATED: 03/07/2017* | representing | **IBEW 673 Pension Plan**<br>*TERMINATED: 03/07/2017*<br>*(Movant)* |
| **Milton S. McGee, III**<br>Riley, Warnock & Jacobson<br>1906 West End Avenue<br>Nashville, TN 37203<br>615) 320-3700<br>tmcgee@rwjplc.com<br>*Assigned: 10/06/2016*<br>*TERMINATED: 04/02/2018* | representing | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |
| | | **Thomas D. Miller**<br>*(Defendant)* |
| **Danielle S. Myers**<br>Robbins Geller Rudman & Dowd LLP (San | representing | **IBEW 673 Pension Plan** |

| | | |
|---|---|---|
| Diego)<br>655 W Broadway<br>Suite 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>(619) 231-7423 (fax)<br>danim@rgrdlaw.com<br>*Assigned: 12/20/2016*<br>*TERMINATED: 03/07/2017* | | *TERMINATED: 03/07/2017*<br>*(Movant)* |
| **Gary A. Orseck**<br>Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP<br>2000 K Street, NW<br>4th Floor<br>Washington, DC 20006<br>(202) 775-4504<br>(202) 775-4510 (fax)<br>gorseck@robbinsrussell.com<br>*Assigned: 05/09/2017*<br>*ATTORNEY TO BE NOTICED* | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |
| | | **W. Larry Cash**<br>*(Defendant)* |
| | | **Wayne T. Smith**<br>*(Defendant)* |
| | | **Quorum Health Corporation**<br>*(Defendant)* |
| | | **Michael J. Culotta**<br>*(Defendant)* |
| | | **Thomas D. Miller**<br>*(Defendant)* |
| **Lauren Patten**<br>Butler Snow LLP (Nashville) | representing | **Community Health Systems, Inc.** |

The Pinnacle at Symphony Place
150 Third Avenue South
Suite 1600
Nashville, TN 37201
(615) 651-6700
Lauren.Patten@butlersnow.com
*Assigned: 12/11/2018*
*ATTORNEY TO BE NOTICED*

*(Defendant)*

**W. Larry Cash**
*(Defendant)*

**Wayne T. Smith**
*(Defendant)*

| | | |
|---|---|---|
| **Darren J. Robbins**<br>Robbins Geller Rudman & Dowd LLP (San Diego)<br>655 W Broadway<br>Suite 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>(619) 231-7423 (fax)<br>darrenr@rgrdlaw.com<br>*Assigned: 12/05/2016*<br>*TERMINATED: 03/07/2017* | representing | **IBEW 673 Pension Plan**<br>*TERMINATED: 03/07/2017*<br>*(Movant)* |
| **William J. Trunk**<br>Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP<br>2000 K Street, NW<br>4th Floor<br>Washington, DC 20006<br>(202) 775-4500<br>(202) 775-4510 (fax)<br>wtrunk@robbinsrussell.com<br>*Assigned: 05/09/2017*<br>*ATTORNEY TO BE NOTICED* | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |
| | | **W. Larry Cash**<br>*(Defendant)* |

**Wayne T. Smith**
*(Defendant)*

| | | |
|---|---|---|
| **Robert Jackson Walker**<br>Butler Snow LLP (Nashville)<br>The Pinnacle at Symphony Place<br>150 Third Avenue South<br>Suite 1600<br>Nashville, TN 37201<br>(615) 651-6700<br>(615) 651-6701 (fax)<br>Bob.Walker@butlersnow.com<br>*Assigned: 05/05/2017*<br>*ATTORNEY TO BE NOTICED* | representing | **Community Health Systems, Inc.**<br>*(Defendant)* |
| | | **W. Larry Cash**<br>*(Defendant)* |
| | | **Wayne T. Smith**<br>*(Defendant)* |
| **Michael J. Wernke**<br>Pomerantz LLP (NY Office)<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016<br>(212) 661-1100<br>mjwernke@pomlaw.com<br>*Assigned: 02/28/2017*<br>*ATTORNEY TO BE NOTICED* | representing | **Aparna Rao**<br>*(Plaintiff)* |
| | | **Zwick Partners LP**<br>*(Plaintiff)* |