UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZWICK PARTNERS, LP and APARNA RAO, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:16-cv-02475<br>) |
| QUORUM HEALTH CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, W. LARRY CASH, THOMAS D. MILLER and MICHAEL J. CULOTTA, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

Before the Court in this securities class action (the "Action") is Class Representatives' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 340). Class Representative Zwick Partners, LP ("Plaintiff"), on behalf of itself and the other members of the Class (as defined below), and Defendants Community Health Systems, Inc. ("CHSI"), Wayne T. Smith, W. Larry Cash, Michael J. Culotta, and Thomas D. Miller (collectively, the "Defendants," and, together with Plaintiff, on behalf of itself and the other members of the Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 16, 2020 (the "Stipulation") (Doc. No. 342), subject to approval of this Court (the "Settlement"). Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Class Members as more fully described herein.

Having reviewed and considered Plaintiff's motion for preliminary approval of the Settlement, the record before the Court and arguments made in connection therewith, and the Stipulation and the exhibits attached thereto, the Court orders as follows:[1]

1. **<u>Preliminary Approval of the Settlement</u>**: The Court preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable, and adequate to the Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2. **<u>Settlement Fairness Hearing</u>**: The Court will hold a hearing (the "Settlement Fairness Hearing") on **November 30, 2020** at 9:30 a.m. at the United States District Court for the Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Courtroom A859, Nashville, TN 37203, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether the Court should enter a Judgment substantially in the form attached as Exhibit B to the Stipulation (Doc. No. 342-5) dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as

---

[1] Unless otherwise defined in this Order, all capitalized words contained herein shall have the same meanings as they have in the Stipulation (Doc. No. 342).

set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Fairness Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Giving Notice**: Class Counsel are hereby authorized to retain Epiq Class Action & Mass Tort Solutions Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by the Claims Administrator as follows:

    a. not later than twenty (20) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 (Doc. No. 342-2) and 2 (Doc. No. 342-3), respectively (together, the "Notice Packet"), to be mailed by first-class mail, or e-mailed, to potential Class Members who may be identified through reasonable effort;

    b. contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

    c. not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3 (Doc. No. 342-4), to be transmitted once over the *PR Newswire*; and

    d. not later than seven (7) calendar days prior to the Settlement Fairness

Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice**: The Court (a) approves, as to form and content, the Notice (Doc. No. 342-2), the Claim Form (Doc. No. 342-3), and the Summary Notice (Doc. No. 342-4), and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

6. **Nominee Procedures**: Brokers and other nominees who purchased or otherwise acquired Quorum Health Corporation ("Quorum") common stock during the Class Period for the benefit of another person or entity shall:

    a. within seven (7) calendar days of receipt of the Notice, request from the

Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or

        b.    within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Notice Packet to such beneficial owners. Nominees or custodians who elect to send the Notice Packet to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice Packet shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. If requested, nominees or custodians may be reimbursed solely for reasonable out-of-pocket expenses, up to $0.70 per notice mailed or $0.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

       7.    **<u>Participation in the Settlement</u>**: Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than seven (7) calendar days prior to the Final Settlement Hearing. Notwithstanding the foregoing, Class Counsel may submit to the Court any late Claim for approval. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions:

a. it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph;

b. it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator;

c. if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and

d. the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member who or that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim

Forms may be accepted for processing as set forth in ¶ 7 above.

10. **Exclusion from the Class**: Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:

a. any such request for exclusion from the Class must be mailed or delivered such that it is received no later than **November 13, 2020,** to: *Quorum Health Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 3230, Seattle, Portland, OR 97208-3230; and

b. each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Rao v. Quorum Health Corporation, et al.,* No. 3:16-cv-02475"; (iii) state the number of shares of Quorum common stock that the person or entity requesting exclusion purchased/acquired between May 2, 2016 and November 8, 2016, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of shares of Quorum common stock that the person or entity requesting exclusion sold between May 2, 2016 and November 8, 2016, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

11. Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class

Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12. Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Settlement Fairness Hearing**: Any Class Member who or that does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Class Counsel and Defendants' Counsel, at the addresses set forth in ¶ 14 below, a notice of appearance such that it is received no later than **November 13, 2020,** or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

14. Any Class Member who requests or does not request exclusion from the Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and expenses, and/or the Class Representative compensatory award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for attorneys' fees and

expenses, and/or the Class Representative compensatory award should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions thereof unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than **November 13, 2020**.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Michael J. Wernke, Esq.<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016 | Gary Orseck<br>Robbins Russell Englert Orseck<br>Untereiner & Sauber LLP<br>2000 K Street NW, 4th Floor<br>Washington, DC 20006<br><br>Jessica P. Corley<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309 |

15. Any objections by a Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (d) state with specificity the grounds for the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Class, consisting of (i) documents showing the number of shares of Quorum common stock that the objector purchased/acquired between May 2, 2016 and November 8, 2016, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and (ii) documents showing the number of shares of

Quorum common stock that the objector sold between May 2, 2016 and November 8, 2016, both dates inclusive, as well as the dates, number of shares, and prices of each such sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

16. Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, the Class Representative compensatory award, or from otherwise being heard concerning the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the Class Representative compensatory award in this or any other proceeding.

17. **<u>Stay and Temporary Injunction</u>**: The Court hereby stays all proceedings in the Action that involves the parties participating in the Settlement, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff,

and all other Class Members, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

19. **Settlement Administration Fees and Expenses**: All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

19. **Settlement Fund**: The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes**: The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the

11

Case 3:16-cv-02475  Document 345  Filed 07/27/20  Page 11 of 13 PageID #: 20073

Stipulation.

22. **Use of this Order**: Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a.    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    b.    shall be offered against Plaintiff or any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Plaintiff or any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiff or any of the Plaintiff's Releasees, in any civil, criminal, or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

  23. **Supporting Papers**: Class Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and expenses, and Class Representative compensatory award no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

  24. **CAFA Notice**: As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA notice.

  25. The Court finds that it will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

  26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

  **IT IS SO ORDERED**.

_____<br>
WAVERLY D. CRENSHAW, JR.<br>
CHIEF UNITED STATES DISTRICT JUDGE