UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZWICK PARTNERS, LP and APARNA RAO, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) No. 3:16-cv-02475 |
| v. | ) ) ) |
| QUORUM HEALTH CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, W. LARRY CASH, THOMAS D. MILLER and MICHAEL J. CULOTTA, | ) ) ) ) ) ) |
| Defendants. | ) |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. 347) and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Class Representative (Doc. No. 349), which are not opposed by Defendants.

Class Representative Zwick Partners, LP ("Plaintiff"), on behalf of itself and the Class (see Doc. No. 342 at 11), and Defendants Community Health Systems, Inc. ("CHSI"), Wayne T. Smith, W. Larry Cash, Michael J. Culotta, Quorum Health Corporation ("Quorum"), and Thomas D. Miller (collectively, the "Defendants," and, together with Plaintiff, on behalf of itself and the other members of the Class, the "Parties")[1] have agreed—subject to Court approval following notice to the Class and a settlement fairness hearing—to settle the above-captioned matter (the "Action")

---

[1] Smith and Cash, together, the "Individual CHSI Defendants," and Miller and Culotta, together, the "Individual Quorum Defendants."

upon the terms set forth in July 16, 2020 Stipulation and Agreement of Settlement ("Stipulation") (Doc. No. 342), and the Amendment to the Stipulation and Agreement of Settlement dated November 10, 2020. (Doc. No. 357-3)("Amendment")(Collectively referred to as "Stipulation").

On July 27, 2020, the Court preliminarily approved the Settlement, directed that notice of the proposed Settlement be provided to Class Members, provided Class Members with the opportunity either to exclude themselves from the Class or to object to the Settlement, and scheduled a hearing regarding final approval of the Settlement. (Doc. No. 345). The Court conducted a Settlement Fairness Hearing on November 30, 2020 to consider, among other things, whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved, whether a judgment should be entered dismissing the Action with prejudice against the Defendants, and whether the requested fees and costs are reasonable.

Having reviewed and considered the Parties' Stipulation, the record in this case, Plaintiffs' Memoranda of Law in support of the pending motions (Doc. Nos. 348, 350, 356) and supporting exhibits and declarations (see Doc. Nos. 351, 357), and the arguments of counsel, the Court finds and concludes as follows:

    1.    **<u>Jurisdiction</u>**. The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement and has personal jurisdiction over all of the Parties and each of the Class Members.

    2.    **<u>Incorporation of Settlement Documents</u>**. All defined terms contained herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation. This Judgment also incorporates and makes a part hereof: (a) the Stipulation (Doc. No. 342 and 357-3); (b) the Notice (Doc. No. 342-2); and (c) the Summary Notice (Doc. No. 342-4), all of which were filed with the Court.

3. **Notice**. Dissemination of the Notice and the publication of Summary Notice was accomplished as set forth in the Stipulation and in the Court's July 21, 2020 Order directing notice to the Class. Notice constituted the best notice practical under the circumstances, constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and met the requirements of Rule 23(c)(2) and (e)(1), due process, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, and all other applicable law and rules. Notice was also reasonably calculated, under the circumstances, to apprise Class Members of (a) the pendency of the Action; (b) the effect of the proposed Settlement (including the Releases to be provided thereunder); (c) Class Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiff; (d) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiff; (e) their right to exclude themselves from the Class; and (f) their right to appear at the Settlement Fairness Hearing.

4. **Objections**. No objections were made to the Settlement either before or during the Settlement Fairness Hearing.

5. **Final Settlement Approval and Dismissal of Claims**. Under Federal Rule of Civil Procedure 23(e)(2), after a hearing, the Court finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects fair, reasonable, and adequate to the Class. Specifically, the Court finds as follows:

a. Plaintiff and Class Counsel have vigorously represented the interests of the Class, having prosecuted this action on behalf of the Class for more than four years. Specifically, over 35 fact and expert depositions were taken by the Parties, including three depositions of Plaintiff and its managing partners, and over 550,000 pages of documents were reviewed. Plaintiff and Class Counsel successfully defended against Defendants' motions to dismiss, achieved class certification, successfully defended against Defendants' motion for summary judgment and were completing their trial preparation when the Settlement was reached. Counsel demonstrated knowledge about the case and expertise in the field of securities litigation.

b. The Settlement arises out of arm's-length, informed, and non-collusive negotiations between counsel for Plaintiffs and the Defendants. Specifically, during contentious, hard-fought litigation, the parties engaged a neutral, The Honorable Gary Feess (ret.), to conduct mediation. The parties met in person on two separate days and engaged in hours of additional conversations with the mediator by telephone.

c. The Settlement creates a settlement fund of $18 million, which represents between 12.7% and 42.9% of estimated recoverable damages. The Court finds this is a more than adequate, indeed extraordinary result, considering: (i) the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of Plaintiffs' case and the multiple potential defenses available at trial; (ii) the effectiveness and straightforwardness of the proposed claims process; (iii) the reasonableness of the request for an award of attorneys' fees and costs and service awards for the class representatives; and (iv) that the only agreement identified under Rule 23(e)(3) consists of the Amendment that sets forth certain conditions under which the Settlement may be withdrawn or terminated at Defendants' sole discretion if Class Members who meet certain criteria exclude themselves from the Class.

4

d. The Court finds that Plaintiffs' proposed plan of allocation is fair, reasonable, and adequate. Under the Plan of Allocation set out in the Notice, Class Members are treated equitably relative to each other, based on the timing of their purchase or acquisition of Quorum common stock during the Class Period, and any subsequent sales of those shares, by providing that each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund based on the amount of their Recognized Losses.

6. The Settlement is also fair, reasonable, and adequate considering the factors enumerated by the Sixth Circuit: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

a. The Settlement was reached after years of contested litigation, including certification of the Class, and multiple mediation efforts that concluded only shortly before trial. There is no risk of fraud or collusion.

b. This case was extraordinarily complex and expensive, and further litigation would only be more so. Securities class actions are complex, and Plaintiffs' claims in this case involved complicated facts and complex accounting, valuation, legal issues, and economic analysis.

c. The parties engaged in full discovery, with the case ready for trial when the Settlement was reached.

d. The Class faced significant risk, on both liability and damages, at trial and on appeal.

e. Plaintiff and Class Counsel unreservedly support the Settlement.

f.  The reaction of absent class members weighs in favor of approval, as no Class Members objected.

g.  The public interest favors settlement of complex litigation and class actions, particularly where settlement ensures effective enforcement of securities laws.

7.  Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation. The Action and all of the claims asserted against Defendants in the Action by Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.  **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.  **Releases and Bars**. The Releases set forth in paragraphs 4 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders that:

a.  Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class Member, shall be deemed to have, and by operation of law and of this Judgment shall have compromised, settled, released, resolved,

6

Case 3:16-cv-02475   Document 359   Filed 11/30/20   Page 6 of 15 PageID #: 20499

relinquished, remised, waived, and discharged, fully, finally, and forever, each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

    b. Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of this Judgment shall have compromised, settled, released, resolved, relinquished, waived, and discharged, fully, finally, and forever, each and every Released Defendants' Claim against the Plaintiff's Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

  10. In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims that are brought by any person against Defendants (a) for contribution or indemnification arising out of any Released Plaintiffs' Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiff or the Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any person (other than non-Defendant persons whose liability to Plaintiff or the Class is extinguished by this Judgment) are likewise permanently barred and discharged. Provided, however, that nothing in

this paragraph or Stipulation shall apply to bar or otherwise affect any claim of right to indemnification between: (1) CHSI and any present or former officer or director of CHSI, except, to the extent applicable, any of the Individual Quorum Defendants; (2) Quorum and any present or former officer or director of Quorum, except, to the extent applicable, any of the Individual CHSI Defendants; or (3) any claim for insurance coverage by any Defendant.

11. Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination of Plaintiff's Counsel, the Class Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

12. Notwithstanding paragraphs 9a – 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Rule 11 Findings**. The Court finds and concludes that the Parties and their respective counsel have represented to the Court that they have each complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions**. Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      a. shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      b. shall be offered against Plaintiff or any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiff or any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiff or any of the Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be

9

or would have been recovered after trial; *provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.*

15. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the administration and distribution of the Settlement Fund; and (c) the Class Members for all matters relating to the Action.

16. **Modification of the Agreement of Settlement**. Without further approval from the Court, Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

17. **Plan of Allocation**. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

18. **Attorneys' Fees, Litigation Expenses, and Compensatory Award**. The Court will grant Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Class Representative (Doc. No. 349) and award Class Counsel attorneys' fees in the amount of $5,400,000, plus interest, reimbursement of $1,898,839.09 in expenses, plus

interest, and a compensatory award in the amounts of $35,000 to Plaintiff to be paid from the Settlement Fund. In awarding these amounts, the Court finds as follows:

      a.      The resolution of this case has created a common benefit fund for the class, so it is appropriate to assess attorney's fees against the fund. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).

      b.      Class Counsel's requested fee award is fair and reasonable under the percentage-of-the-fund approach. This is the preferred method where, as here, "a substantial common fund has been established for the benefit of class members through the efforts of class counsel." In re Se. Milk Antitrust Litig., No. 07-208, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013). While the requested fee of thirty percent of the fund is very significant, it "is certainly within the range often awarded in common fund cases, both nationwide and in the Sixth Circuit," and is appropriate given the exceptional result Class Counsel achieved notwithstanding substantial risk. Id. at *3.

      c.      The requested fee meets all of the factors the Sixth Circuit articulated in Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974), specifically:

      1)      the recovery of $18 million, which represents between 12.7% and 42.9% of Plaintiffs' estimated Class-wide damages, is an excellent outcome for the Class, especially relative to historical range of securities class action settlements, see, e.g., Cornerstone Research, Securities Class Action Settlements: 2019 Review and Analysis at 6, (2020)[2] (observing that between 2010 and 2018 the median settlement as a percentage of damages between $75 million and $149 million was 4.9%); NERA Economic Consulting, Recent Trends in Securities

---

[2] https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2019-Review-and-Analysis

11

Class Action Litigation: 2018 Full Year Review, at 35 (2019)[3] (observing that in 2018 the median of settlement value as a percentage of damages was 4.7% for losses between $50 million and $99 million, and 3.1% for losses between $100 million and $199 million);

        2)        society has a strong interest in compensating Class Counsel for the risks and complex issues posed by this case, thereby encouraging others to bring similar litigation in the future;

        3)        fees and reimbursement of costs in this case were entirely contingent upon success, creating a risk of under-compensation in the absence of settlement or victory at trial, see Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 795 (N.D. Ohio 2010);

        4)        Class Counsel devoted over nine thousand hours to this case and the time value of their services was substantial;

        5)        this class action involved complicated facts and complex accounting, valuation, legal issues, and economic analysis, requiring Class Counsel to overcome substantial hurdles to prove their claims; and

        6)        Class Counsel, who are experienced class action and securities law practitioners, displayed skill and commitment throughout the litigation.

        d.        The Court has confirmed the reasonableness of Class Counsel's fee request by conducting a lodestar cross-check. This involves multiplying reasonable rates by reasonable hours. Gascho v. Global Fitness Holdings, LLC, 822 F.3d 269, 279 (6th Cir. 2016). The "sum may then be increased by a 'multiplier' to account for the costs and risks involved in the litigation, as well as the complexities of the case and the size of the recovery." In re Sulzer Hip Prosthesis &

---

[3] https://www.nera.com/content/dam/nera/publications/2019/PUB_Year_End_Trends_012819_Final.pdf

Knee Prosthesis Liab. Litig., 268 F. Supp. 2d 907, 922 (N.D. Ohio 2003). The Court finds that Class Counsel's reasonable lodestar was $5,724,495.00 based on Counsel's hourly billing rates for the period from the inception of the case until November 9, 2020, see Doc. No. 351 at ¶¶ 103–04, and that an award of $5,400,000.00 yields a multiplier on a thirty percent fee of 0.94. This multiplier falls well below an acceptable range. See, e.g., In re Cardinal Health Inc. Sec. Litigs., 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (awarding a multiplier of 6.0 and noting that typical multipliers range from 1.3 to 4.5). The use of current (2020) rates is appropriate to "compensate for the delay in payment during the pendency of the litigation." In re UnumProvident Corp. Deriv. Litig., No. 02- 386, 2010 WL 289179, at *9 (E.D. Tenn. Jan. 20, 2010).

e. Class Counsel reasonably incurred a total of $1,898,839.09 in litigation expenses for which Class Counsel seek reimbursement in this case. Class Counsel "is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." In re Cardizem CD Antitrust Litig., 218 F.R.D. 508, 535 (E.D. Mich. 2003). Moreover, this amount is less than the $2 million limit disclosed in the Notice.

f. The requested class representative award of $35,000 to Plaintiff is justified by the time and resources both invested into supervising and prosecuting this case. The awards is also justified as an economic incentive to others to bring securities litigation even though their claims may not be sizable.

g. No objections were made to Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or to Class Representative's request for reimbursement of its reasonable costs and expenses.

19. **Termination of Settlement**. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiff, Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and Tax Expenses paid, due, or owing, shall be returned to Defendants, in accordance with the Stipulation.

For the foregoing reasons, Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. 347) and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Class Representative (Doc. No. 349) are **GRANTED**. Class Counsel are awarded attorneys' fees in the amount of $5,400,000, plus interest, and reimbursement of $1,898,839.09 in expenses, and Plaintiff is awarded $35,000 as compensation for being the Class Representative. These awards shall be paid from the Settlement Fund.

The Court finds under Federal Rule of Civil Procedure 54(b) that there is no just reason to delay the entry of this Judgment, and the Clerk shall enter Judgment under Rule 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE